SALMON P. HIBBARD *vs.* HATCH STORAGE BATTERY
COMPANY.

Suffolk.     January 23, 24, 1899. — October 12, 1899.

Present: HOLMES, C. J., KNOWLTON, MORTON, & LATHROP, JJ.

*Specific Performance of Agreement to purchase Land — Statute of Frauds.*

An offer in writing to sell land to a corporation for a certain sum in cash and a cer-
tain amount of its capital stock, which is accepted by a vote of the corporation
communicated in writing to the offerer, with a stipulation that the cash is " to be
paid as subsequently agreed to by you," the subsequent execution of a deed to
the corporation, and the execution by it of a certificate of the agreed amount of
capital stock, both of which are delivered in escrow, and an agreement in writ-
ing, signed by both parties, referring to the deed and stating that it and the cer-
tificate of stock are delivered in escrow to await the payment by the corporation
of the cash within a period therein named, are all parts of the same transaction,
and, taken together, constitute a memorandum in writing sufficient to satisfy
the statute of frauds.

BILL IN EQUITY, filed May 3, 1898, for the specific perform-
ance of an agreement to purchase land.

The bill alleged that on September 28, 1897, the plaintiff
offered to sell to the defendant certain land in Millis in the
county of Norfolk, for $20,000 in cash and $100,000 in shares
of the capital stock of the defendant corporation; that on Oc-
tober 14, 1897, the directors of the defendant corporation, by
a vote which was communicated to the plaintiff, accepted the
offer with the stipulation that the $20,000 should be paid at
such time as might be subsequently agreed upon, and that the
plaintiff should give a good title to the land; that in pursuance
of the agreement the plaintiff, on November 1, 1897, executed
a deed of the premises, and the defendant executed a certificate
of 9,985 shares of its capital stock to the plaintiff and a cer-
tificate of fifteen shares thereof to the plaintiff and two others;
that the plaintiff and the defendant further agreed that the
$20,000 should be paid in four months from November 1, 1897,
and on that date delivered in escrow to Causten Browne, Esq.,
the deed of the plaintiff and the certificate of 9,985 shares of
the capital stock of the defendant, and agreed in writing that

the delivery should await the payment of the $20,000 in four months from November 1, 1897; that on November 1, 1897, the defendant took possession of the premises, but failed to pay the $20,000 within four months thereafter; and that on March 2, 1898, Mr. Browne returned to the plaintiff the deed held by him in escrow.

The prayer of the bill was that the defendant should be required to accept the deed of the plaintiff, to pay to him the sum of $20,000, and to deliver to him the certificate of 9,985 shares of the capital stock of the defendant corporation.

The defendant demurred to the bill, and assigned as reasons for the demurrer: 1, want of equity; 2, an insufficient compliance with the requirements of the statute of frauds.

The offer of the plaintiff, dated September 28, 1897, stated that "We propose to sell you our Millis property . . . on the following terms: You to pay us twenty thousand ($20,000) dollars cash and one hundred thousand ($100,000) dollars of stock in your company." The letter of the secretary of the defendant corporation, dated October 14, 1897, stated that "At a meeting of the directors of the Hatch Storage Battery Company, held to-day, it was voted to accept your proposition in regard to the Millis property, dated September 28, 1897; the twenty thousand ($20,000) dollars to be paid as subsequently agreed to by you and the other owners of the property. This acceptance assumes of course that you can pass a clear title to the property."

The agreement, signed by both parties on November 1, 1897, was as follows: "The delivery to Causten Browne, Esq., in escrow of the deed of this date by Salmon P. Hibbard, trustee, to Hatch Storage Battery Company, and of 9,985 shares of stock of that Company to Hibbard, trustee, is to await the payment by the Hatch Storage Battery Company to Hibbard, trustee, of twenty thousand dollars within four months from this date with interest, on which payment the escrow will terminate, and the complete delivery to the parties respectively will be made."

The case was heard on the bill and demurrer by *Lathrop*, J., who, at the request of the parties, reserved it for the consideration of this court.

*R. M. Morse*, (*L. Bass, Jr.* with him,) for the plaintiff.

*C. Browne & L. S. Dabney*, for the defendant.

LATHROP, J. The only questions raised in this case relate to the statute of frauds. Pub. Sts. c. 78, § 1. It is admitted that the letter of the plaintiff of September 28, 1897, offering to sell the property, is sufficient as an offer. This stated that $20,000 was to be paid in cash, and a certain amount in stock of the defendant company. The letter of October 14, 1897, which accepts the proposition of September 28, contains the words, "the twenty thousand ($20,000) dollars to be paid as subsequently agreed to by you and the other owners of the property." The defendant contends that the word "subsequently" means subsequently to the offer of the plaintiff; and that, as it does not appear that this was in writing, there was not a sufficient memorandum to satisfy the statute of frauds. If the phrase "as subsequently agreed" does not mean "as to be agreed subsequently to this acceptance," still this is not all that took place between the parties. On November 1, 1897, the plaintiff executed a deed of the land and buildings to the defendant, and the defendant executed a certificate of 9,985 shares of the capital stock of the defendant to the plaintiff. These papers were delivered to Causten Browne, Esq., attorney for the defendant, in escrow, and a paper was signed by both parties, which stated that the delivery of the deed was to await the payment by the defendant to the plaintiff of $20,000 within four months from date, with interest.

The paper in escrow refers to the deed, and the deed describes the land in question, and both must be considered as parts of the same transaction with the agreement, and, being in writing, a sufficient memorandum to satisfy the statute of frauds. See *Freeland* v. *Ritz*, 154 Mass. 257, and cases cited; *Lee* v. *Butler*, 167 Mass. 426.

This view of the case renders it unnecessary to determine whether the allegations of the bill are sufficient to show a part performance of the contract.

*Demurrer overruled.*