JOHN B. ANDRE *vs.* F. H. ELLISON.

Hampden.    September 21, 1949. — November 1, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & COUNIHAN, JJ.

*Frauds, Statute of.  Contract,* For sale of real estate, Performance and breach.

The facts that, after the owner of a tract of land, who orally had agreed to sell a part of it, had signed a memorandum which contained no reference to a survey, nothing to indicate the location of the boundary between the part of the tract intended to be sold and that to be retained, and no reference to a deed except to provide for "delivery of deed" on or before a specified date, he had caused to be made a survey showing the boundary to which the parties had orally agreed and a deed describing that boundary, without evidence that a printed or typed name of the owner on the survey and in the deed or a seal opposite a blank for his signature on the deed was adopted by the owner as his signature with the intent to authenticate either the survey or the deed as his own, or evidence that such unauthenticated survey and deed were so brought to the attention of the parties and united in their minds with the memorandum that the three together could be found to have been adopted by them to express their purpose, could not prevent the operation of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, as a defence to an action by the prospective purchaser against the owner for breach of the oral contract.

The operation of the statute of frauds, G. L. (Ter. Ed.) c. 259, § 1, Fourth, as a defence to an action at law against an owner of land for breach of an oral agreement for its sale would not be prevented by partial performance of the agreement by the plaintiff by removing wood from the land.

CONTRACT.  Writ in the District Court of Springfield dated May 2, 1947.

The case was heard by *Davis,* J.

*J. F. Egan,* for the plaintiff, submitted a brief.

*T. H. Kirkland,* for the defendant.

WILKINS, J.   This is an action of contract by the buyer against the seller for breach of a contract for the sale of land in Ludlow.   Count 1 alleges that the contract is written,

and count 2 treats the contract as oral. One of the defences is the statute of frauds. G. L. (Ter. Ed.) c. 259, § 1, Fourth. The District Court judge found for the plaintiff. The Appellate Division vacated the finding, and ordered judgment for the defendant. The plaintiff appealed.

The alleged written contract is as follows: "Ludlow, Mass. Mar. 8, 1947   Received of John B. Andre Five Hundred Dollars first payment on land west side of Miller Street.   Balance to be paid forty-five dollars per acre on delivery of deed on or before May 1, 1947. [Signed] Mr. F. H. Ellison." The land is the southerly portion of a large tract owned by the defendant and not separated by any distinguishing marks from the defendant's remaining land. During the negotiations the parties stood on the premises and indicated where the line was to run to divide the southerly portion to be purchased by the plaintiff from the northerly portion to be retained by the defendant.

The alleged written contract standing alone fails to meet the requirements of the statute of frauds, as it does not contain a description which applies to one parcel of land only. *Michelson* v. *Sherman*, 310 Mass. 774, 778. This the plaintiff concedes. His contention is rather that a memorandum of an oral agreement sufficient to satisfy the statute may be found if the writing of March 8, 1947, is considered with other writings in the light of the evidence. See *Frost* v. *Kendall*, 320 Mass. 623, 626; 85 A. L. R. 1184. These other writings are a survey and a deed made subsequent to the memorandum at the defendant's request but not bearing his handwritten signature. The survey shows the boundaries to which the parties orally agreed, and the deed describes those boundaries accurately by metes and bounds. The survey bears the stamped imprint of the name of the surveyor and the legend "Land Survey for Frank Ellison. Land West of Miller St. Ludlow Mass. 3/17/47." To the deed a wafer seal is affixed opposite the blank for the signature of the defendant, who is described therein as the grantor.

The survey and the deed cannot be considered as signed

by the defendant. There is nothing to indicate that his printed or typed name or the seal was adopted by the defendant as his signature with the intent of authenticating either writing as his own. *Cabot* v. *Haskins*, 3 Pick. 83, 95. *Boardman* v. *Spooner*, 13 Allen, 353, 357–358. *Irving* v. *Goodimate Co.* 320 Mass. 454, 459. Restatement: Contracts, § 210. Williston, Contracts (Rev. ed.) § 585. This is not a case like *Lee* v. *Butler*, 167 Mass. 426.

It likewise could not be found that these independent unauthenticated writings were brought to the attention of the parties and were so united in their minds with the signed writing of March 8, 1947, that taken together these writings have been adopted to express their purpose. *Nickerson* v. *Weld*, 204 Mass. 346, 356. *Clark* v. *Olejnik*, 240 Mass. 215, 217–218. *Webster* v. *Condon*, 248 Mass. 269. Restatement: Contracts, § 208 (b) (iii); illustration 6. See *Arcade Malleable Iron Co.* v. *Jenks*, 229 Mass. 95, 102. No survey is referred to in the writing of March 8, 1947. The actual survey made thereafter means no more than would any other survey of land of the defendant on the west side of Miller Street. In *Baker* v. *Hall*, 158 Mass. 361, relied upon by the plaintiff, it appears from the original papers that the sketch was physically incorporated, as well as expressly referred to, in the memorandum. The writing of March 8, 1947, refers vaguely to "delivery of deed." Any deed of real estate of the defendant on the west side of Miller Street would satisfy that description. In that respect this case is governed by *Doherty* v. *Hill*, 144 Mass. 465, 469, and *Miller* v. *Burt*, 196 Mass. 395. In *Hibbard* v. *Hatch Storage Battery Co.* 174 Mass. 296, the deed had been executed and was clearly referred to in the agreement. The actual decision in *Freeland* v. *Ritz*, 154 Mass. 257, is in accord with what is here decided. See Restatement: Contracts, § 208, illustration 5. See also Williston, Contracts (Rev. ed.) §§ 582, 583.

The defendant's second request in substance asked the judge to rule that the alleged contract did not satisfy the statute of frauds. This was denied by the judge, who, to the contrary, ruled "that the memorandum when applied

to the facts existing was sufficient to satisfy" the statute. In this there was error.

We do not reach the further question raised by the defendant that there is a fatal omission in the memorandum of a part of the agreement respecting the building of a fence by the plaintiff. See *Bouvier* v. *L'Eveque, ante,* 476.

The plaintiff argues that there had been a part performance by him in removing certain wood. This, however, is of no avail. Part performance is recognized only in equity. *Montuori* v. *Bailen,* 290 Mass. 72, 75. *Cousbelis* v. *Alexander,* 315 Mass. 729, 732.

*Order of Appellate Division affirmed.*