*Southern District*
### JOSEPH NISBY
#### v.
### LILLIAN MURCH

*Present*: Nash, P. J., Cox & Murphy, JJ.
Case tried to *Colten, J.* in the District Court of Southern Norfolk. No. 15702.

*Cox, J.* In this action of contract to recover back $500.00 deposited by the plaintiff with the defendant pending the drawing up of a written agreement for purchase and sale of a parcel of land there was a finding for the plaintiff.

The case was reported because the defendant claims to be aggrieved by the denial of her requests for rulings numbers III and V and because of an alleged inconsistency between the judge's finding and certain of the defendant's requests for rulings which the judge allowed.

With reference to the claim of inconsistency it is enough to say that the defendant's remedy was either a motion to correct the inconsistency or a motion for a new trial. She cannot presently be heard to make the contention of inconsistency before us. *Biggs v. Densmore,* 323 Mass. 106; *E. A. Strout Realty Agency, Inc. v. Gargan,* 328 Mass. 524.

It could have been found that the plaintiff informed the defendant that he required two and one-half acres of land but would accept no less than two acres for the purposes of his business. The defendant told the plaintiff she thought she had more than two acres available. The land under consideration was a

portion of that upon which the defendant's home stood. The plaintiff undertook to have a survey made to ascertain if there were enough land for his purposes. If the survey should prove satisfactory, the parties' lawyers were to get together and settle all other terms and conditions including a clear title, liens, boundary lines and everything else that had to be put in the agreement. The lawyers were to prepare the agreement to be signed by the parties. The price was to be $2500.00. The plaintiff paid the defendant $500.00 as a deposit.

A survey disclosed that the area under consideration contained less than two acres and that Brockton Edison Co. had an easement for erecting poles and high tension wires upon the land. The plaintiff informed the defendant that he would not purchase the land because it was less than two acres in area and because of the easement. He demanded and was refused the return of his deposit.

There was no consultation between attorneys. The defendant had caused a deed to be prepared which was not shown to the plaintiff. The defendant notified the plaintiff of a date for passing papers. The plaintiff referred her to his attorney. The defendant did not communicate with the plaintiff's attorney. The plaintiff did not appear at the time and place designated by the defendant for passing papers.

The trial judge found that "the receipt

or memorandum given by the defendant to the plaintiff did not contain the essentials of a contract for the sale of land with reasonable certainty and therefore did not comply with the Statute of Frauds." The receipt was as follows: "Received from Mr. Nixby $500.— deposit on land on Howard St., Brockton. L. Murch".

■ We think that the judge was right. The plaintiff did not allege, and it was not necessary for him to allege, that the case was governed by the statute of frauds. That, so far as the plaintiff is concerned, was a matter of proof and not of allegation. The statute needs only to be pleaded when it is offered as a defense. *Weiner v. Lowenstein,* 314 Mass. 642, 645.

■ To satisfy the statute of frauds, G. L. c. 259, §1, Fourth, "a written memorandum which recites the essential elements of the contract with reasonable certainty" is a prerequisite. *Michelson v. Sherman,* 310 Mass. 774, 775, a suit for specific performance. In that case a writing was held to be insufficient which acknowledged the receipt of $200.00 as a deposit on an agreed price of $3500.00 "for Sherman property with 11,000 or more sq. feet of land on Eliot Memorial Drive and numbered 15 Eliot Memorial Drive, Newton." The land referred to was part of a tract of land owned by the defendants comprising over 23,000 square feet. There was nothing in the memorandum to indicate the boundary between the land to be sold and

the land to be retained by the defendant. The location in the memorandum of such a boundary line between the land to be sold and the land to be retained was held to be an essential element which was lacking. See also *Andre v. Ellison,* 324 Mass. 665 where a receipt for payment on account for "land on west side of Miller Street" being a portion of a larger tract not separated by any distinguishing marks was held not to meet the requirements of the statute of frauds.

On the strength of the authorities cited we hold the memorandum in the case at bar to be deficient because it makes no reasonably sufficient reference to the land to be sold and bought.

It would appear also that the parties contemplated the execution of a written contract of sale and purchase and therefore, inferentially, did not intend to be bound until they should sign such a contract. In addition to the fatal uncertainty as to the description of the land to be conveyed there was also the matter of Brockton Edison's easement. When the deposit was made the transaction had reached only the stage of "imperfect negotiation". Upon ascertaining that the required area of land was not available and that the land was encumbered by an easement, the plaintiff was within his right in terminating the negotiations. In doing so he broke no agreement. *Rosenfield v. United States Trust Co.,* 290 Mass. 210. The plaintiff became entitled to the return of his

deposit. *Rayner v. McCabe,* 319 Mass. 311, 313; *Prescott v. Germain,* 326 Mass. 432, 434; *Gill Equipment Co. v. Freedman,* 339 Mass. 303, 309.

■ There was no error in the denial of the defendant's requests for rulings numbers III and V. They were inapplicable. Number III was that the plaintiff must prove that he was ready, willing and able to tender the balance of the purchase price at the time and place papers were to be passed. No agreement was made between the parties so that there was no balance due nor time for passing papers. Number V likewise could not have been granted. It sought a ruling that the defendant was entitled to recoup damages because of the plaintiff's default. There was no default on the plaintiff's part.

The decision must be for the plaintiff not only because of the inapplicability of the defendant's requests numbers III and V, but also on the merits of the case which we have undertaken to consider.

There being no reversible error, an order should be entered dismissing the report.

Because the decision is in the plaintiff's favor, it is unnecessary to consider his motion to refer the report back to the trial judge. The plaintiff's motion should therefore be denied.

Nathan Richman, of Boston, for the Plaintiff.
James H. Donovan, of Boston, for the Defendant.