PROVIDENCE GRANITE CO., INC. *vs.* JOSEPH RUGO, INC.    December 6, 1972.    This is a substitute outline bill of exceptions arising out of an action for breach of contract.    The plaintiff corporation, Providence Granite Co., Inc. (Providence), alleges that it had a contract to furnish certain construction stone to the defendant corporation, Joseph Rugo, Inc. (Rugo).    Providence seeks loss of profits as damages result-

---

[1] Georgianna Connor *vs.* Emil Bellotti.

ing from Rugo's refusal to accept deliveries. The case was tried by a judge of the Superior Court without a jury and he entered a finding for Providence in the amount of $12,795. Rugo thereafter filed this bill of exceptions. Upon appropriate proof, lost profits may be a proper element of damages. *John Hetherington & Sons, Ltd.* v. *William Firth Co.* 210 Mass. 8, 21–22. *White Spot Constr. Corp.* v. *Jet Spray Cooler, Inc.* 344 Mass. 632, 635. Rugo's argument that the evidence was insufficient to show that there was a meeting of the minds between the parties is without merit. There was evidence sufficient to establish all the requisite elements of the contract. Contrary to Rugo's contention, the evidence was also sufficient to show that the contract was enforceable under the statute of frauds. An authorized officer of Rugo had sent to Providence a telegram which was a "writing sufficient to indicate that a contract for sale . . . [had] been made between the parties and signed by the party against whom enforcement . . . [was] sought." G. L. c. 106, § 2–201 (1), inserted by St. 1957, c. 765, § 1. This officer also admitted in his testimony that a contract for sale was made. .G. L. c. 106, § 2–201 (3) (b). The evidence of damages was sufficient to support the judge's finding. Rugo argues that an officer of Providence, who was qualified by experience to give an opinion on lost profits from the breach of the contract, should not have been permitted to express an opinion as to the profits without showing the basis for the opinion. The record discloses that it was Rugo's attorney who objected to the witness's giving the basis for his opinion on direct examination. That lawyer also failed to avail himself of the opportunity to develop the matter on cross-examination. We have examined Rugo's other exceptions, all of which relate to the admission of evidence, and find no error.

*Exceptions overruled.*

*J. Fleet Cowden (Alfred S. Weincroft* with him) for the defendant.
*Stephen J. Comen* for the plaintiff.