LUSALON, INC. *vs.* THOMAS O'CONNOR AND COMPANY, INC. April 9, 1975. This action of contract to recover damages for the defendant's repudiation of a contract to employ the plaintiff to provide the labor, material and equipment necessary to the performance of the masonry work involved in the construction of a private hospital is here on the plaintiff's exception to the court's direction of a verdict for the defendant at the close of the plaintiff's opening statement. The contract was oral, and the judge based his action on the provisions of the Statute of Frauds found in G. L. c. 106, § 2-201(1) (as appearing in St. 1957, c. 765, § 1), and in G. L. c. 259, § 1, Fifth, both of which had been pleaded by the defendant. 1. A contract of the type described above and in the opening was not considered to fall within the provisions of the since repealed G. L. c. 106, § 6(1) (see *Saugus* v. *B. Perini & Sons, Inc.* 305 Mass. 403, 404-405 [1940]), and (as the defendant itself now argues in its brief) no sound reason has been advanced why such a contract should fall within the present G. L. c. 106, § 2-201(1). Contrast *Providence Granite Co. Inc.* v. *Joseph Rugo, Inc.* 362 Mass. 888 (1972). 2. Accepting the statements in the opening as true and reading them in the light most favorable to the plaintiff (*Matranga* v. *West End Tile Co. Inc.* 357 Mass. 194, 196 [1970]), we construe the contract described by counsel for the plaintiff as one to perform and pay for the physical work described in the plans, the specifications, the "price schedules," and the plaintiff's letter of May 18, 1966, and as one which did not include a one-year guarantee such as that relied on by the defendant to invoke the provisions of G. L. c. 259, § 1, Fifth. To the contrary, counsel declined an express invitation to state that any such guarantee formed a part of the contract between the parties. 3. On a like reading of the opening the contract did not contain any other provisions of the type relied upon by the defendant to defeat the action at this preliminary stage. The plaintiff's exception is sustained, and the case is to stand for trial or other appropriate proceedings.

*So ordered.*

*Louis Karp* (*Howard J. Alperin* with him) for the plaintiff.
*Thomas E. Goode* (*Robert L. Bouley* with-him) for the defendant.