SHAPIRO EQUIPMENT CORPORATION *vs.* MORRIS & SON CONSTRUCTION CORP. February 3, 1976. The plaintiff brought suit in the Superior Court asking that a Connecticut judgment awarding it damages in contract against the defendant be recognized and enforced. U.S. Const. art. IV, § 1. 28 U.S.C. § 1738 (1970). The plaintiff's motion for summary judgment was allowed by a judge of the Superior Court, after a hearing, on consideration of the pleadings and both parties' affidavits filed pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974). We agree with the judge that the plaintiff has demonstrated that no genuine issue of material fact exists and that it is entitled to judgment as matter of law; we further concur in the judge's conclusion that the defendant has not shown or raised any genuine issue of material fact which entitles it to a trial. See *Community Nat'l Bank* v. *Dawes, ante,* 550 (1976). The defendant's affidavit opposing the motion for summary judgment is a graphic illustration, both in form and in substance, of the type of averment to be avoided and discouraged under Rule 56 (e). All affidavits or portions thereof made on information and belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary judgment. *Automatic Radio Mfg. Co.* v. *Hazeltine Research, Inc.,* 339 U.S. 827, 831 (1950). *F.S. Bowen Elec. Co* v. *J.D. Hedin Constr.* 316 F.2d 362,

364 (D.C. Cir. 1963). 6 J. Moore, Federal Practice, par. 56.22 [1], at 2806 (2d ed. 1975). See *Feldman* v. *Birger,* 205 F. Supp. 87, 90 (D. Mass. 1962). In addition, since the defendant filed no appearance in the foreign action, in our courts it is restricted to litigating the single issue of whether proper jurisdiction was had over it in Connecticut. *Old Dominion Copper Mining & Smelting Co.* v. *Bigelow,* 203 Mass. 159, 206-210 (1909), aff'd, 225 U.S. 111, 135 (1912). See *Hanson* v. *Denckla,* 357 U.S. 235, 253-255 (1958); Restatement of Judgments § 47, comment e, at 185-186 (1942); Restatement (Second) of Judgments § 47, comment c (Tent. Draft No. 1, 1973). In this regard, the plaintiff alleged that service of process was made in conformity with Conn. Gen. Stat. Ann. tit. 33, § 33-411 (1960 and Supp. 1975), that State's "long arm" statute, and that the gravamen of the complaint centered around a contract entered into and to be performed in Connecticut. These allegations were sufficient to shift to the defendant the onus of showing an improper exercise of jurisdiction in our sister State. See *Makorios* v. *H.V. Greene Co.,* 256 Mass. 598, 599 (1926), citing *Knapp* v. *Abell,* 10 Allen 485, 488 (1865). We do not mean to imply that the opposing party's burden with respect to a motion for summary judgment is any greater when the movant relies on a foreign judgment, see 6 J. Moore, *supra* par. 56.11 [10], at 2208-2210, but in this case the defendant asserted no specific facts which would raise the issue of lack of jurisdiction in the forum court.

*Judgment affirmed.*

The case was submitted on briefs.
*Richard L. Fox* for the defendant.
*Theodore Tedeschi* for the plaintiff.