FREDERICK PATTERSON & another *vs.* SAVAS HANTZES & another; THOMAS PATTERSON & others, third-party defendants. March 30, 1977. 1. The record (which does not include the letter of May 9, 1975, reproduced in the appendix) does not support the defendants' contention that the original writ was entered late in the District Court. If the defendants ever did have any point under G. L. c. 231, § 13 (as in effect prior to St. 1975, c. 377, § 75), the point was waived by their answering and going to hearing on the motions for summary judgment. Compare *Clark* v. *Montague,* 1 Gray 446, 447-450 (1854); *Byron* v. *Concord Natl. Bank,* 299 Mass. 438, 443 (1938). 2. No abuse of discretion is discernible in the allowance of the late filing of the plaintiffs' answer to the defendants' counterclaim. Mass.R.Civ.P. 6(b)(2), 365 Mass. 747 (1974). *Giacobbe* v. *First Coolidge Corp.* 367 Mass. 309, 315-316 (1975). 3. There is nothing in any of the affidavits submitted by the defendants which disputes the truth of the statement in the affidavit of counsel for the plaintiffs that the documents attached to his affidavit are "copies of certified copies" of papers on file in or issued by "the Superior Court in and for the County of Oxford, State of Maine." See the second sentence of Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). Whether any of those copies is presently in such form as to be admissible in evidence at any trial of this matter (see 28 U.S.C. § 1738 [1970 ed.]; Mass.R.Civ.P. 44[a][1], 365 Mass. 807 [1974]) is beside the point. 4. It was error to allow (a) the plaintiffs' motion for summary judgment with respect to the claims asserted against them in the defendants' counterclaim and (b) the motions of the third-party defendants with respect to the claims asserted against them in the third-party complaints. If the plaintiffs wished to defeat the counterclaim on the ground of res judicata (see *Wright Mach. Corp.* v. *Seaman-Andwall Corp.* 364 Mass. 683, 688-689, 691 [1974]), or if the third-party defendants wished to defeat the third-party com-

plaints on the ground of collateral estoppel (see *Home Owners Fed. Sav. & Loan Assn.* v. *Northwestern Fire & Marine Ins. Co.* 354 Mass. 448, 451-455 [1968]), they had the burden of proving what issues were expressly or necessarily decided by the Maine court. *Fabrizio* v. *U. S. Susuki Motor Corp.* 362 Mass. 873, 873-874 (1972). That burden has not been met. The present record does not contain the pleadings before the Maine court, nor does it give any indication of the content of any findings or rulings which that court may have made in the course of rendering the judgment on which the present action was brought; the evidence on which that judgment may rest is matter of conjecture. 5. No error has been made to appear in connection with the allowance of the plaintiffs' motion for summary judgment on the original complaint. The existence of the judgment is admitted. There is no contention (nor does it appear that there could be one) that the Maine court lacked jurisdiction over the subject matter or over the person of any of the present plaintiffs or defendants. That the Maine judgment may not have decided all the questions the present defendants wanted to litigate does not detract from the finality of the judgment with respect to the questions that were decided. See Restatement (Second) of Judgments § 41, Comments a and d, and § 41.3, Comment a (Tent. Draft No. 1, 1973). That it may have been procedurally improper for an execution to issue under Maine law is also beside the point; the plaintiffs do not seek to employ the execution except as evidence of finality of the judgment. This aspect of the present case is governed by the principles set out in the *Wright Mach. Corp.* case, 364 Mass. at 688-689, 691. See and compare *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.* 369 Mass. 968, 968, 969 (1976). All three of the judgments entered in this case on January 29, 1976, are reversed, and the case is remanded to the Superior Court for further proceedings not inconsistent with this opinion; whether a separate final judgment shall now be entered in favor of the plaintiffs on the claim set out in the original complaint (see Mass.R.Civ.P. 54[b], 365 Mass. 821 [1974]) is to be determined by that court in the exercise of its discretion, after hearing; costs of appeal are not to be awarded to any party.

*So ordered.*

*Savas Hantzes* for himself & another.
*Robert W. MacDonald* for Frederick Patterson & others.