BEDFORD HEATING AND AIR CONDITIONING CO. *vs.* ANTHONY F. MILANO. June 27, 1978. As the responses of the defendant Milano (defendant) to the plaintiff's interrogatory No. 11(a) and the plaintiff's demand for admission No. 12 disclose a disputed question of fact as to whether the plaintiff and the defendant (parties) entered into the agreement which is set out in par. 5 of the Callahan affidavit, the defendant's motion for summary judgment should have been denied unless the defendant could establish that he would be entitled to prevail as matter of law on at least one of the five grounds set out in his motion in the event that the plaintiff should succeed in proving to the satisfaction of the trier of fact that the agreement between the parties had been the one set out in the Callahan affidavit, that the plaintiff had performed its part of that agreement, and that the defendant had committed a breach of that agreement. 1. The defendant has conceded in his brief on appeal that the first ground of his motion (G. L. c. 259, § 1, Second) does not apply to an agreement such as that set out in the Callahan affidavit. 2. On its face, that agreement was one under which the defendant undertook to pay the plaintiff for its services in installing equipment which had already been delivered to the job site and in performing related work, as opposed to an agreement of a type which might fall within the purview of G. L. c. 106, § 2-201(1). See and compare *Lusalon, Inc.* v. *Thomas O'Connor & Co.*, 3 Mass. App. Ct. 734 (1975). 3. The third ground of the motion should have been denied for the reason (if no other) that the record fails to disclose any factual or legal basis for the defendant's invoking the doctrine of res judicata or the doctrine of collateral estoppel. Neither the award of the arbitrators which was relied on by the defendant nor any possible judicial confirmation of that award appears to have been brought to the attention of the motion judge. Compare *Patterson* v. *Hantzes*, 5 Mass. App. Ct. 806, 806-807 (1977). Even if the judge chose to rely on counsel's affidavit of his belief as to the issues which were decided by the arbitrators (see *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755, 763 n.12 [1976]; contrast *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.*, 369 Mass. 968, 968 [1976]), no nexus has been shown between those issues and the ones raised by the defendant's denial that he had ever entered into any agreement such as that set out in the Callahan affidavit. 4. The defendant has cited no authority, nor are we aware of any, which supports the proposition that laches is a bar to a simple action at law to recover damages for breach of a contract to pay the plaintiff the agreed value of services rendered to the defendant such as is alleged in par. 10 of the amended complaint and set out in the Callahan affidavit. See *Cohen* v. *Bailly*, 266 Mass. 39, 43-44, 48 (1929); Smith & Zobel, Rules Practice § 8.17 (1974). It is possible that the defendant has overlooked the fact that the amended complaint contains no prayer for ancillary relief of an equitable nature. 5. There is nothing in G. L. c. 106, § 2-401, which supports the defendant's contention that there was a failure of consideration for the promise attributed to him by the Callahan affidavit. On the present record, any question of consideration would appear to have been decided adversely to the defendant by the case of *Greenberg* v. *Weis-*

*man,* 345 Mass. 700, 702-703 (1963). See also *Blair* v. *Cifrino,* 355 Mass. 706, 708 (1969). The order allowing the defendant's motion for summary judgment and the judgment are reversed, and the case is to stand for further proceedings in the Superior Court.

*So ordered.*

*John D. Dwyer* for the plaintiff.
*Mark J. Witkin* for the defendant.