Swan, J.
After a fire in a Lynn apartment building, its owner, Hirain Barrios (“Barrios”), hired Petrucelli Construction Co. Inc. (“Petrucelli”) to perform repairs and renovations required by the fire and building inspectors. Barrios paid some, but not all, of the money to which Petrucelli claimed it was entitled. Petrucelli sued Barrios to recover the balance, and to perfect a mechanic’s lien, having first purportedly recorded the preliminary instruments required under G.L.C. 254. After a jury-waived trial, the judge awarded Petrucelli $13,500.00 for work actually performed, but found that the parties had no written contract, and dissolved the lien. Petrucelli has appealed so much of the judgment that ordered dissolution.
As the case is before us on Petrucelli’s expedited appeal under Dist./Mun. Cts. R. A D. A, Rule 8A, no transcript of the trial is included in the record. But the trial judge issued detailed findings to which Petrucelli has tendered no objection, except as to the ruling that there was no written contract, and we deem the findings conclusive. The judge found that Petrucelli produced three written proposals, totaling $68,000.00. The first was for $18,000.00 to $25,000.00 to open a wall to determine the damage and start work; the second was for $22,000.00 for removal of construction debris; and the third was for $25,000.00 for reconstructing a brick wall. None of the proposals was signed by Barrios because he complained of the cost. Work commenced, and Barrios paid $19,500.00. After that, there was a falling out between the parties. Petrucelli stopped work, gave Barrios a credit for work not done, and billed Barrios for $22,000.00. The judge did not credit Petrucelli’s evidence that all the work alleged to have been done had in fact been done. She concluded that “there was never a real meeting of the minds between the parties but that [Petrucelli was] entitled to be fairly compensated for work actually done.” The judge concluded that Petrucelli was entitled to $10,000.00 for completed work, plus $3,500.00 for unbilled architectural services.
Petrucelli takes issue with the judge’s further finding that it failed to prove that a written contract had been executed and, thus, that the mechanic’s lien has not been perfected. General Laws c. 254, §2 describes when a contractor may seek a mechanic’s lien:
A person entering into a written contract with the owner of any interest in real property, or with any person acting for, on behalf of, or with the con *48 sent of such owner for the whole or part of the erection, alteration, repair or removal of a building, structure, or other improvement to real property, or for furnishing material or rental equipment, appliances, or tools therefor, shall have a lien upon such real property, land, building, structure or improvement owned by the party with whom or on behalf of whom the contract was entered into, as appears of record on the date when notice of said contract is filed or recorded in the registry of deeds for the county or district where such land lies, to secure the payment of all labor, including construction management and general contractor services, and material or rental equipment, appliances, or tools which shall be furnished by virtue of said contract.
A written contract is defined as “any written contract enforceable under the laws of the commonwealth.” G.L.c. 254, §2A.
A written contract “must be signed by the party to be charged.” Harris v. Moynihan Lumber of Beverly, Inc., 1999 Mass. App. Div. 113, quoting RESTATEMENT (SECOND) OF CONTRACTS §132 comment a (1981). None of Petrucelli’s three written proposals was signed by Barrios. Thus, there was no written contract. More basically, however, as the judge found that Barrios never agreed on the price, there was no meeting of the minds. There was, therefore, no contract, written or otherwise, between the parties. Guarino v. Zyfers, 9 Mass. App. Ct. 874 (1980). Given the absence of a contract, the trial court’s order dissolving the mechanic’s lien was correct.
Judgment affirmed.