Nickerson, Gary A., J.
INTRODUCTION
Plaintiff, ESALON, Inc. d/b/a Bellezza Day Spa (“Bellezza”), brings this action against its former employee Isolde Hoffman (“Hoffman”), seeking to recover damages for losses allegedly suffered as a result of Hoffman’s post-employment conduct. Hoffman now seeks summary judgment on all counts of Bellezza’s complaint. For the following reasons, Hoffman’s motion is ALLOWED.
BACKGROUND
The following facts are viewed in the light most favorable to Bellezza. Foster v. Group Health, Inc., 444 Mass. 668, 672 (2005).
Hoffman worked as an employee-at-will hair stylist at Bellezza, a Falmouth day spa owned by Vera Newell, from approximately April 2005 to April 2010. As a hair stylist, Hoffman styled and colored her clients’ hair. In Januaiy 2010, Hoffman was diagnosed with uterine cancer. Following surgery, Hoffman returned to Bellezza for a short time, but ultimately ended her employment at the salon. From April 2010 to late November 2010, Hoffman rented space at Artisan Salon where she serviced select clients whom she had previously serviced at Bellezza. Hoffman presently rents space at Muse Salon where she services a small amount of clients, many of whom were her clients at Bellezza. The majority of these clients have relationships with Hoffman outside of the salon. These clients represent personal friends, business acquaintances and family friends with whom Hoffman has developed relationships independent of that of stylist and client.
Bellezza’s Employee Handbook, which Hoffman signed, sets forth examples of business information that may be confidential and outlines policies intended to restrict employee use of that information. The Handbook further makes clear that none of its provisions should be construed so as to give employees any contractual rights.
Hoffman’s departure from Bellezza resulted in a loss of at least 37 clients for the salon, as those clients chose to follow Hoffman to her new place of employment. In response, Bellezza filed this action, alleging theft of trade secrets (Count I), breach of contract (Counts II and III), breach of duty of good faith and fair dealing (Count IV), breach of duty of loyalty (CountV), conversion (Count VIII), and replevin (Count IX). In support of its claims, Bellezza argues that Hoffman may have copied down client information from work tickets[2] and contacted these clients before moving to another salon.
DISCUSSION
I. Summary Judgment Standard
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Mass.R.Civ.P. 56(c), Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles the movant to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The moving party may satisfy this burden either by submitting affirmative evidence that negates an essential element of the opposing party’s case or by demonstrating that the opposing parly has no reasonable expectation of proving an essential element of his case at trial. Flesner v. Technical Commc'n Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “(T]he Plaintiff may not rest on conclusory allegations; it must present evidence that would warrant submission of its case to a jury, i.e. creating a factual dispute requiring jury selection. Failing to do so, the moving party, the Defendants, have demonstrated that there is no genuine issue of material fact, and that, accordingly, they are entitled to summary judgment.” NG Bros. Constr., Inc. v. John Cranney, 436 Mass. 638, 644 (2002). Furthermore, “all affidavits or portions thereof made on information and belief, as opposed to personal knowledge, are to be disregarded in considering a motion for summary judgment.” Shapiro Equip. Corp. v. Momis & Son Constr. Corp., 369 Mass. 968, 968 (1976).
*598 II. Count I: Theft of Trade Secrets Claim
In Count I, Bellezza alleges that Hoffman’s post-employment service of its former clients constitutes theft of trade secrets. Under Massachusetts law a ‘trade secret’ encompasses “anything tangible or intangible or electronically kept or stored, which constitutes, represents, evidences, or records a secret scientific, technical, merchandising, production or management information, design, process, procedure, formula, invention or improvement.” G.L.c. 266, §30(4). Factors of importance in determining the confidential, or secret, nature of business information include: “ 1) the extent to which the information is known outside of the business; 2) the extent to which it is known by employees and others involved in the business; 3) the extent of measures taken by the employer to guard the secrecy of the information; 4) the value of the information to the employer and to his competitors; 5) the amount of effort or money expended by the employer in developing the information; 6) the ease or difficulty with which the information could be properly acquired or duplicated by others.” Jet Spray Cooler v. Crampton, 361 Mass. 835, 840 (1972). Case law makes clear that “the employer has no property right as such in the names of his customers.” Woolley’s Laundry v. Silva, 304 Mass. 383, 390 (1939). And, ultimately, an employer “cannot make secret that which is not secret, and it remains for the court to determine whether an alleged trade secret is in fact such.” Dynamics Research Corp. v. Analytic Sciences Corp., 9 Mass.App.Ct. 254, 277 (1980).
The client information in the possession of Hoffman does not constitute a trade secret. A client list, in these circumstances, takes on a different status in terms of trade secrets due to the nature of the hair styling business. Hoffman knew many of the former clients at issue in a social context outside of the salon, and had independent relationships with several of them. That the clients shared their contact information with Hoffman for non-business purposes destroys Bellezza’s claims of secrecy. Though Bellezza allegedly sought to characterize the information as a secret by way of the Employee Handbook language and the ‘work ticket’ policy, that alone is not enough. Simply stating that information is a trade secret or confidential does not automatically make it so. And though the Employee Handbook identifies client lists as a trade secret and characterizes such information as confidential, the plain language of the passage only limits the use of that information as to third parties, not the employees themselves. As for the hair color formulas, “an invention made by an employee, in the course of his employment and at his employer’s expense, is the property of the inventor unless he has by the terms of his employment or otherwise, agreed to transfer to his employer its ownership as distinguished from its use.” Wireless Specialty Apparatus Co. v. Mica Condenser Co., 239 Mass. 158, 161 (1921). The Employee Handbook is silent as to ownership or control of hair color formulas created by the stylists. Additionally, while the advertising efforts of Bellezza may be responsible for initially obtaining the clients and their respective contact information, it was the continued personal and professional efforts of Hoffman that kept the clients returning to Bellezza.
Moving beyond the confidentiality of the subject matter at issue, Hoffman did not misappropriate client information as, “an employee upon terminating his employment may carry away and use the general skill or knowledge acquired during the course of the employment.” Junker v. Plummer, 320 Mass. 76, 79 (1946). It is furthermore well “established that a discharged employee, without the use of a list belonging to his former employer, may solicit the latter’s customers.” American Window Cleaning Co. v. Cohen, 343 Mass. 195, 199 (1961). Bellezza’s claims that Hoffman copied client information is unsupported by the record. Additionally, Hoffman’s use of “remembered information as to the plaintiffs prices, the frequency of service, and the specific needs and business habits of particular customers [are] not confidential.” Id. As a result, the hair color formulas and contact information of the clients who chose to follow Hoffman was neither confidential nor misappropriated.
Hoffman’s motion for summary judgment on the theft of trade secrets claim is therefore ALLOWED.
III. Counts II and III: Breach of Contract and Breach of Contract as Contained in Employee Handbook Claims
Bellezza claims Hoffman breached her contract and the terms of her employment as set forth in the Employee Handbook by servicing former Bellezza clients. Bellezza argues that the Employee Handbook makes client information a trade secret and, as such, Hoffman breached the agreement contained in the manual.
Hoffman’s status as an employee-at-will, as well as the Employee Handbook’s declaration that it affords “no contractual rights,” does not mean that a contract did not exist. See Ferguson v. Host Intern., Inc., 53 Mass.App.Ct. 96, 101 (2001). Even assuming the presence of a contract, however, it does not necessarily follow that Hoffman is in breach. The information at issue in this instance is not a trade secret. Bellezza has presented no affirmative proof that Hoffman either copied down client information or contacted clients about her future plans prior to leaving the salon. All offers of proof as to these alleged incidents rest on conjecture and hearsay as presented in Vera Newell’s affidavit. See NG Bros. Construction Co., 436 Mass. at 644; Shapiro Equip. Corp., 369 Mass. at 968. Hoffman’s summary judgment motion on Counts II and III is therefore ALLOWED.
*599 IV.Count IV: Breach of Duty to Good Faith and Fair Dealing
While “every contract implies good faith and fair dealing between the parties to it,” Hoffman’s actions fail to rise to the level of breach. Clark v. State Street Trust Co., 270 Mass. 140, 153 (1930). The breach of these duties, as set forth in Bellezza’s pleadings, depend on a finding that the client contact and hair color information constituted a confidential trade secret.
As has previously been discussed, Bellezza has not shown that Hoffman misappropriated any information, confidential or otherwise. Because Bellezza has not responded with facts that would establish a triable issue on Count IV, Hoffman is entitled to summary judgment.
V.Count V: Breach of Duty of Loyalty
In Count V, Bellezza asserts that Hoffman breached her duty of loyalty to the salon through her use of Bellezza’s trade secrets. Summary judgment must enter on this claim because, as previously decided, client contact information and hair color formulas, at least in the context of this case, do not constitute trade secrets.
VI.Counts VIII and IX: Conversion and Replevin
Conversion requires “a showing that one person exercise dominion over the personal property of another, without right, and thereby deprived the rightful owner of its use and enjoyment.” In re Hilson, 448 Mass. 603, 612 (2007). Bellezza’s offer of proof as to how Hoffman converted the client contact and hair color information rests on speculation and hearsay within an affidavit. See NG Bros. Constr. Co., 436 Mass. at 644; Shapiro Equip. Corp., 369 Mass. at 968. The salon has offered nothing concrete to disprove Hoffman’s contention that the information at issue was known to her outside of the salon and through her own memory, both of which are permissible in a post-employment context. See Dynamics Research Corp., 9 Mass.App.Ct. at 257; American Window Cleaning Co., 343 Mass. at 199. Because the information at issue is not a trade secret and was not misappropriated there can be no conversion and the remedy of replevin is not appropriate. Summary judgment therefore is ALLOWED as to Counts VIII and IX.
ORDER
For the foregoing reasons, Hoffman’s motion for summary judgment is ALLOWED as to Counts I, II, III, IV, V, VIII, and IX.

Bellezza employs a work ticket policy, whereby stylists are given a work ticket containing client information prior to the client’s scheduled appointment. The stylists are required to return the work ticket to the salon’s front desk at the time that the client checks out.