NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1072

LENIN ROA & another[1]

vs.

CITY OF LAWRENCE & another.[2]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This matter arises from the plaintiffs' complaint against the defendants related to water damage the plaintiffs sustained to their home because of clogged storm drains.  The plaintiffs argue on appeal that the Superior Court judge erred in her denial of their motion for extension of time to serve one of the defendants, National Water Main Cleaning (NWMC), and her denial of their motion for reconsideration of the same.  The Superior Court granted NWMC's motion to dismiss the complaint.  We affirm.

---

[1] Ariela Roa.

[2] National Water Main Cleaning.

Background.  The plaintiffs allege that their home sustained damage when water from the catch basins in the street backed into and flooded their home.  On April 6, 2022, the plaintiffs filed an action naming as defendants the City of Lawrence, Roadway Maintenance Services, and BMC Corporation.[3]  On February 23, 2024, the plaintiffs filed a motion to amend their complaint to add NWMC as a party.  On March 5, 2024, the judge allowed the motion without a hearing.  On March 6, 2024, the plaintiffs filed a revised second amended complaint.

On June 4, 2024, the plaintiffs filed a motion to extend the time for service on NWMC by thirty days pursuant to Mass. R. Civ. P. 6 (b) (1), 365 Mass. 747 (1974), and Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988).  In support of their motion, the plaintiffs stated that they did not receive notice that the judge allowed their motion to amend and learned that the motion had been granted after searching the docket on the court's internet database.  On June 7, 2024, the judge denied the plaintiffs' motion, noting that the court confirmed that the notices had been issued and stating that she did not credit the plaintiffs' assertions that they failed to receive

_____

[3] On January 29, 2024, the complaint against Roadway Maintenance Services was dismissed by agreement of the parties. On February 26, 2024, the complaint against BMC Corporation was similarly dismissed by agreement of the parties.  On June 25, 2024, the parties agreed to dismiss the City of Lawrence from the complaint.

notice that their motion to amend had been allowed. On June 26, 2024, the plaintiffs filed a motion for clarification or reconsideration of the judge's denial of their motion to extend time to serve process, arguing that the sheriff's department was behind in service due to a staff shortage. On June 27, 2024, the judge denied this motion. A second judge allowed the defendant's unopposed motion to dismiss on July 25, 2024, and dismissed the plaintiff's revised second amended complaint on August 16, 2024.

Discussion. The plaintiffs contend that the judge abused her discretion in denying their motion to extend the time for service pursuant to Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988). Mass. R. Civ. P. 4 (j) provides the relevant deadline for service of a civil complaint:

> "If a service of the summons and complaint is not made upon a defendant within 90 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's initiative with notice to such party or upon motion."

A judge may exercise her discretion to allow a motion to extend the time to serve process after the expiration of the specified deadline "where the failure to act was the result of excusable neglect." Mass. R. Civ. P. 6 (b) (2), 365 Mass. 747 (1974). We review the judge's decision to deny the plaintiffs'

3

motion to extend time to serve process for abuse of discretion. See Patterson v. Hantzes, 5 Mass. App. Ct. 806, 806 (1977) (reviewing "allowance of the late filing of the plaintiffs' answer to the defendants' counterclaim" for "abuse of discretion"). Trial judges abuse their discretion when committing "a clear error of judgment in weighing the factors relevant to the decision . . . such that the decision falls outside the range of reasonable alternatives" (quotation omitted). L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

In a letter to the defendant's attorney dated May 10, 2024, the plaintiff's attorney acknowledged that he checked the case docket online, learned that his motion to amend the complaint had been allowed, and asked whether the defendant's attorney would accept service. On May 13 and June 3, 2024, defense counsel, via email, agreed to accept service. The plaintiffs' counsel, however, did not file a motion to extend the time to serve process until June 4, 2024.[4]

The plaintiffs argue that they did not receive notice that their motion to amend had been allowed. In her reasons for denying the plaintiffs' motion to extend time, however, the

---

[4] The plaintiff incorrectly contends that the ninety-day time period expired on June 6, 2024. Having reviewed the docket, we conclude that the ninety-day period expired on June 3, 2024, or at the latest on June 4, 2024.

4

judge noted that the court had confirmed that the notices had been issued and that she did not credit the plaintiffs' assertion that they did not receive notice of the allowance of their motion to amend until May 13, 2024, when they searched the docket on MassCourts.[5] The judge also noted that the plaintiffs had "previously been reminded to attend to deadlines appropriately."[6] The judge found that the plaintiffs made no efforts to effectuate service through the sheriff's department until an unspecified date, which the judge inferred was three months after the filing of the second amended complaint. The judge also found that the plaintiffs knew the business address of the defendant and the name and address of defense counsel since at least February 6, 2024, the date the plaintiffs drafted their second amended complaint. Our review of the record supports the judge's findings, and we conclude that the plaintiffs failed to demonstrate excusable neglect for failing to effectuate service. Therefore, the judge did not abuse her discretion in denying the plaintiffs' motion to extend.

---

[5] Even if we were to accept the plaintiffs' assertion that they did not receive notice of the allowance of their motion until May 13, 2024, the plaintiffs still had twenty-one days to effectuate service but failed to do so.

[6] On December 8, 2022, the judge allowed the plaintiffs' motion to enlarge the time to answer interrogatories, stating "Plaintiff is advised not to await such time as to create an 'emergency' and thereby bypass Rule 9A."

The plaintiffs contend that the judge erred in denying their motion for reconsideration.  We disagree.  "[A] motion for reconsideration calls upon the discretion of the trial judge."  Audobon Hill S. Condominium Ass'n v. Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 466 (2012).  A motion for reconsideration "shall be based on (1) newly discovered evidence that could not be discovered through the exercise of due diligence before the original motion was filed; (2) a change of relevant law; or (3) a particular and demonstrable error in the original ruling or decision."  Rule 9D of the Rules of the Superior Court (2023).  The plaintiffs failed to demonstrate any of the factors in their motion for reconsideration.  In denying the plaintiffs' motion for reconsideration, the judge referred to her reasons for the denial of the plaintiffs' motion to extend time and added, "while plaintiff[s] may not be held responsible for the sheriff's staffing shortage, Plaintiffs are responsible if they did not forward the documents in need of service to the sheriff prior to 6/3/24.  Failure to serve is not synonymous with 'good cause' why service was not made."  The plaintiffs had been on notice since at least May 13, 2024, that their motion to amend had been allowed but still failed to effectuate service.  Furthermore, they waited until June 4, 2024, to file their request for additional time for service.  We conclude that the

6

judge did not abuse her discretion in denying the plaintiffs' motion to reconsider.

                                   Judgment affirmed.

                                   By the Court (Meade, Shin & Tan, JJ.[7]),

                                   Paul Little

                                   Clerk

Entered:  August 26, 2025.

---

[7] The panelists are listed in order of seniority.