STANTON INDUSTRIES, INC. *vs.* COLUMBUS MILLS, INC. March 24, 1976. Affidavits in support of and in opposition to the motion to dismiss were received and considered by the judge, who clearly treated the motion as one for summary judgment of dismissal. See Mass.R.Civ.P. 12(b) and 56(b), 365 Mass. 755, 824 (1974). The central issue developed by the opposing affidavits was whether there had been an agreement between the parties that an inventory of the defendant's carpeting would

---

be maintained in New England and available to the plaintiff under the so called Lawrence Plan of warehousing for an initial period of two years, during which the plaintiff would act as the defendant's distributor or exclusive sales agent in New England. The plaintiff's version of the agreement, as set out in so much of the affidavit of Bluestein (a participant in the original negotiations) as appears to have been made on his own personal knowledge, was contradicted only by the factual assertions of the Sullivan affidavit. That affidavit does not appear to have been made of the affiant's own personal knowledge, nor does it appear affirmatively that the affiant would have been competent to testify to any of the critical matters at trial. Accordingly, that affidavit should have been disregarded by the judge in passing on the motion. Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). *Shapiro Equip. Corp.* v. *Morris & Son Constr. Corp.* 369 Mass. 968 (1976). *Antonio* v. *Barnes,* 464 F.2d 584, 585 (4th Cir. 1972). With that affidavit out of the case, there is nothing in the record which would warrant the entry of a summary judgment for the defendant as matter of law. As the defendant still has the opportunity to raise the Statute of Frauds (G. L. c. 259, § 1, Fifth) in its answer (see Mass.R.Civ.P. 8[c] and 12[a], 365 Mass. 750, 754 [1974]) this is not an appropriate case for the entry of a judgment for the plaintiff under the last sentence of Mass.R.Civ.P. 56(c), 365 Mass. 824 (1974).

*Judgment reversed.*

The case was submitted on briefs.
*Barry L. Wieder* for the plaintiff.
*Michael J. Liston* for the defendant.