SWEDA INTERNATIONAL, INC. *vs.* DONUT MAKER, INC. January 21, 1982. The defendant appealed from a summary judgment which was entered against it in the Superior Court on the basis of the prima facie effect of an earlier finding for the plaintiff in a District Court. See G. L. c. 231, §§ 104 and 102C, as appearing in St. 1978, c. 478, §§ 263 and 262, respectively; *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. 243, 243-244 (1976). 1. The lone affidavit submitted by the defendant in opposition to the plaintiff's motion was deficient because it failed to recite that it was "made on [the] personal knowledge" of the affiant or to "show affirmatively that the affiant is competent to testify to the matters stated therein," as required by Mass.R.Civ.P. 56(e), 365 Mass. 825 (1974). Compare *Shapiro Equip. Corp.* v. *Morris & Son Constr.*, 369 Mass. 968, 968-969 (1976); *Pupecki* v. *James Madison Corp.*, 376 Mass. 212, 217 n.5 (1978); *Stanton Indus. Inc.* v. *Columbus Mills, Inc.*, 4 Mass. App. Ct. 793, 794 (1976). Contrast *First Natl. Bank* v. *North Adams Hoosac Sav. Bank*, 7 Mass. App. Ct. 790, 793-794 (1979). Although the judge could have overlooked the deficiencies in the affidavit (see *Stetson* v. *Selectmen of Carlisle*, 369 Mass. 755, 763 n.12 [1976]; *Stepan Chem. Corp.* v. *Wilmington*, 8 Mass. App. Ct. 880, 881 [1979]), he was not required to do so. 2. The defendant fares no better with its answers to the interrogatories which were propounded to it in the District Court. The particular answer relied on failed to set forth specific facts showing that there was a genuine triable issue. See and compare *Community Natl. Bank* v. *Dawes*, 369 Mass. 550, 554, 555-556, 558-559 & n.8 (1976); *O'Brion, Russell & Co.* v. *LeMay*, 370 Mass. at 244, 245; *Vaught Constr. Corp.* v. *Bertonazzi Buick Co.*, 371 Mass. 553, 561 (1976); *Royal Bank of Canada* v. *Connolly*, 9 Mass. App. Ct. 905 (1980). Equally important, none of the answers met the requirements for affidavits which are set out in rule 56(e) and quoted in part 1 hereof. See *S & S Logging Co.* v. *Barker*, 366 F.2d 617, 624 n.7 (9th Cir. 1966); *H.B. Zachry Co.* v. *O'Brien*, 378 F.2d 423, 425-426 (10th Cir. 1967); *Schwartz* v. *Compagnie Gen. Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968); *Maryland ex rel. Barresi* v. *Hatch*, 198 F. Supp. 1, 2-3 (D. Conn. 1961); Wright & Miller, Federal Practice and Procedure § 2722, at 480-481, 483-484 (1973). To the contrary, it is quite apparent that the individual who formulated and signed the answers did so only after consulting such of the defendant's "agents, servants and attorneys as [would] enable [him] to make complete and true answers."

*Judgment affirmed.*

*Paul A. Kramer* for the defendant.

*Jerrold N. Arnowitz,* for the plaintiff, submitted a brief.