Tierney, J.
This is an action of contract brought by the plaintiff, a New Jersey corporation having an usual place of business in Scranton, Pennsylvania, against the defendant in which the plaintiff seeks to recover Six Hundred and Seventy Eight Dollars and Seventy Nine Cents ($678.79) together with interest for goods sold by the plaintiff and delivered to the defendant.
The answer denied each of the allegations in the complaint and asked that the proceedings be dismissed or amended.
On June 10, a Friday, 1983, plaintiff filed a motion for summaryjudgment together with an affidavit in support thereof marked for a hearing on Monday, January 20,1983.
Plaintiffs proof of service indicates that notice by mail was given on June 10, 1983 for a hearing on June 20,1983.
The plaintiffs motion for summaryjudgment was heard by the trial judge on June 20,1983. An affidavit in opposition to the motion for summaryjudgment and a document entitled “Defendant’s Opposition to Motion for Summary Judgment” were filed some twenty minutes prior to the hearing.
Plaintiff objected to the filing of the document and affidavit and the objection was overruled. The motion of the plaintiff for summaryjudgment was denied on the grounds that there were sufficient genuine facts at issue so as to require a trial on the merits. The plaintiff requested a continuance on the motion for the purpose of filing a memorandum of law in opposition to the allowance of defendant’s affidavit, and further requested an opportunity to file a memorandum in support of its motion for summaryjudgment taking into consideration defendant’s affidavit. These motions were denied and the plaintiff claimed exceptions to these rulings.
The questions for review concern the propriety of the trial court’s denial of the motion for summary judgment and whether the trial judge abused his discretion in admitting defendant’s affidavit in opposition to plaintiff’s motion for summaryjudgment on the date of the hearing, and in denying plaintiff’s request for a continuance for the purpose of filing a memorandum of law.
Where a motion for summaryjudgment is denied, the result is interlocutory in nature, and no appeal lies as a matter of right, although the trial judge who made the order as here may report the matter under G.L.c. 231, §111.
The denial of a Rule 56 motion would not appear to involve a novel or unique question of law for immediate appellate consideration. Indeed, the pedestrian *135 character of summary judgment in district or municipal court practice militates against interlocutory review thereof to prevent the conceivable inundation of this division with reports of Rule 56 matters prior to judgment.
An examination of the report and all of the pleadings, including a previously filed affidavit concerning a keeper, suggests that the trial judge’s denial of plaintiffs motion for summaryjudgment did not constitute error.
Summaryjudgment is a “device to make possible the prompt disposition of controversies on their merits without a trial, if in essence there is no real dispute as to the salient facts or if only a question of law is involved.” Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983).
The relevant rule is Rule 56 of the Massachusetts Rules of Civil Procedure.
The requirement of an affirmative response by the party opposing a motion for summaryjudgment is spelled out in the rule itself. The two final sentences of Rule 56(e) provide as follows:
When a motion for summaryjudgment is made and supported as provided in this rule, the adverse party may not rest upon the mere allegations or denial of his pleading, but his response by affidavits or as otherwise provided in this rule must set forth the specific facts showing that there is a genuine issue for trial. If he does not so respond, summaryjudgment, if appropriate, shall be entered against him.
Rule 56(c) provides that the motion must be served at least ten days before the time fixed for the hearing. In this case, as stated earlier, plaintiff filed his motion for summaryjudgment and affidavit on Friday, June 10,1983 marked for a hearing on Monday, June 20,1983. The proof of service indicates notice was given by mail. This provision requires particular attention because it is out of harmony with Rule 6(c) of- the Civil Rules which provides generally that written motions and notices of hearings thereon be filed not later than 7 days before the time of hearing, 3 extra days if service is made by mail. Defendant, opposing party here, states he received notice on June 14, 1983 and began immediately to assemble material he needed for his affidavit but experienced difficulty in doing so and the affidavit was executed and notarized on Friday, June 17, 1983. Timeliness of notice is of some import to an opposing party because of the inherent difficulty of preparing an effective counter-affidavit to a summaryjudgment motion and because of the dire circumstances he faces if he fails to do so.
Rule 56(c) also provides that the adverse party may serve opposing affidavits “prior to the day of hearing.”
It has been held under the Federal Rules that despite that language a trial judge may in his discretion allow such an affidavit to be filed on the day of hearing. Rule 6(c) of the Massachusetts Rules of Civil Procedure expressly provides “... opposing affidavits may be served not later than 1 day before the hearing, unless the court permits them to be served at some other time.” [emphasis supplied]
In State v. Norman Tile and Lumber Co., Ala. App. 393, So. 2d 1022 (1981), the court stated: “ [W]e note that Federal courts in construing the Rule 56(c) requirement of opposing affidavits being filed at least one dav prior to the hearing, leave to the trial court the discretion whether to accept or reject affidavits on the day of the hearing, [citations omitted] ... [I]n the absence of facts, as shown by the record, showing an abuse of discretion, we cannot find the trial court’s action to be error.”
To grant summaryjudgment to a moving party before the opposing pa- ty *136 has had a reasonable opportunity to respond would probably be an abuse of discretion. Some degree of judicial discretion is necessary to assure that just causes are not lost for purely technical reasons.
There was no abuse of discretion by the trial judge in allowing defendant’s affidavit and document to be filed.
It should be noted that plaintiffs affidavit in support of his motion for summaryjudgment is at least partially defective in that portions of it are based on information and belief.
Rule 56(e) requires that affidavits used for the purpose of either supporting or opposing summaryjudgment must (1) be made on personal knowledge, (2) set forth such facts as would be admissible in evidence, and (3) show affirmatively that the affiant is competent to testify to the matters stated therein. It is quite clear that an affidavit based upon “information and belief” will not suffice. Shapiro Equipment Corp. v. Morris & Sons, 369 Mass. 968 (1976); Gulf Oil Corp. v. Haufler, 16 Mass. App. Ct. 937 (1983) and the Appeals Court has had occasion to hold that an affidavit which fails to recite that it is made on the personal knowledge of the affiant on to show affirmatively that the affiant is competent to testify to the matters stated therein must be disregarded. Sweda International, Inc. v. Donut Maker, Inc., 13 Mass. App. Ct. 914 (1982); Stanton Industries, Inc. v. Columbus Milk, Inc., 4 Mass. App. Ct. 793 (1976).
The trial court acted within its discretion to admit defendant’s affidavit in opposition to summaryjudgment. Plaintiffs affidavit in support of summary judgment was defective and the matters therein disregarded. Plaintiffs motion for a continuance for filing a memorandum of law in opposition to the allowance of defendant’s affidavit and to file a memorandum of law to support its motion for summaryjudgment was purely for the assistance of the court and within the court’s discretion to deny.
There was no error. The action of the trial judge is affirmed and the report is dismissed and the action returned to the trial court.
Report dismissed.