Spurlock, J.
Before the court are motions for summary judgment on behalf of each parly,[1] as well as a motion to strike portions of an affidavit appended to the defendant’s summary judgment submissions. For the following reasons, the motion to strike is denied, the plaintiffs motion for summary judgment is allowed, and the motions for summary judgment of the defendant and the third party defendant are denied.
Background
The following facts are not disputed. On August 30, 1991, defendant Neil F. Colleran (Colleran) signed an agreement with Jaguar Leasing Corporation (Jaguar)[2] to lease a 1991 Jaguar automobile. The lease stated, in part:
[I]f I [Colleran] fail to make a monthly lease payment when due ... or otherwise fail to meet my obligations under or breach this lease .. . you [Jaguar] may treat this lease as being in default. In the event of default you may do any or all of the following without giving me advance notice except as otherwise provided by applicable law: . .. take possession of the leased vehicle by any method or manner permitted by law... and . . . pursue any other remedy permitted by law.
After leasing the Jaguar, Colleran requested Metropolitan Property & Casualty Insurance Company (Metropolitan), his automobile insurance carrier, to add the Jaguar as a covered automobile under his standard Massachusetts automobile insurance policy. Metropolitan added this coverage.
In the fall of 1991, Colleran lent the car to an acquaintance who drove it to New York. The acquaintance failed to return the car to Colleran, who in October 1991 reported the car stolen. On December 30, 1991, New York City police recovered the car. Because Colleran had not made any lease payments on the automobile, Jaguar took possession of it on March 11, 1992. The proceeds of this sale were applied to the money owed under the lease, leaving a balance due of $32,431.56.
Discussion
Jaguar’s Motion for Summary Judgment Summary judgment shall be granted where there are no genuine issues of material fact and where the moving parly is entitled to judgment as a matter of law. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991); Mass.R.Civ.P. 56(c). Contract interpretation is generally a question of law and unambiguous contracts are enforced according to their terms. Allstate Ins. Co. v. Bearce, 412 Mass. 442, 446 (1992); Freelander v. G.&K. Realty Corp., 357 Mass. 512, 516 (1970). Whether a contract’s terms are ambiguous is a question of law. Commercial Union Ins. Co. v. Boston Edison Co., 412 Mass. 545, 557 (1992).
There are no genuine issues of material fact concerning Jaguar’s claim for the balance due under the automobile lease. Colleran does not dispute that he signed the lease with Jaguar and agreed to pay them as the lease required. Moreover, Jaguar is entitled to judgment as a matter of law. According to the contract’s unambiguous terms, Jaguar had a right to take possession of the vehicle and sell it to satisfy Colleran’s unmet obligations under the lease.
Colleran’s arguments that Jaguar car sold the car too cheaply and that he is entitled to the vehicle’s fair market value are not convincing. It is true, as Colleran points out, that pursuant to G.L.c. 255B, §20B(e)(l), when a secured party exercises its right to sell collateral under a retail installment sales contract, the debtor is entitled to have the fair market value of the collateral deducted from the unpaid balance due. Colleran’s agreement with Jaguar, however, was a lease, not an installment sales contract. Chapter 255B, a consumer protection statute, defines “retail installment contract” as “a contract... by which it is agreed that the bailee or lessee is bound to become, or has the option of becoming the owner of the motor vehicle upon full compliance with the terms of the contract.” G.L.c. 255B, §1. The primary characteristics which distinguish a conditional sales contract from a true lease are the lessee’s equitable interest in the property and his right or obligation to assume ownership at the expiration of the contract term. Marine Midland Bank, NA v. Moran, 1994 Mass.App.Div. 167, 169. Where the lessee is obligated to return the vehicle at the end of the lease period, and the agreement does not provide a mechanism for the transfer of ownership, the agreement is generally considered a lease. Id. Here, Colleran enjoyed no equitable interest in the vehicle, was required to return it at the expiration of the lease and would not have been bound to become or have had the option of becoming the owner of the vehicle simply upon full compliance with the terms of the lease, as required by G.L.c. 255B, §1. The lease states clearly that, “I [Colleran] ACKNOWL *490 EDGE THAT THIS IS A TRUE LEASE, THAT I HAVE ABSOLUTELY NO EQUITY OR OTHER OWNERSHIP RIGHTS IN THE LEASED VEHICLE . . . AND THAT I CAN ONLY ACQUIRE THE LEASED VEHICLE IF I EXERCISE THE PURCHASE OPTION.” (Emphasis in original.) Although Colleran’s lease of the automobile contains terms which suggest that he could have become the owner of the Jaguar at the termination of the lease, he did not enjoy any equity in the car, and would not have been “bound to become” or have had the “option of becoming” the owner of the vehicle simply upon full compliance of the terms of the lease, as required by G.L.c. 255B, §1; see, Marine Midland Bank, NA, 1994 Mass.App.Div. at 169. Here the option to purchase was at the vehicle’s market value at the time the contract expired, the option price was more than nominal and the lessee retained a significant reversionary interest in the leased goods; all of these factors lead to the conclusion that this was a true lease rather than a sales agreement. See, Carlson v. Giachetti, 35 Mass.App.Ct. 57, 63-64 (1993); Marine Midland Bank NA, 1994 Mass.App.Div. at 169. Colleran had a lease, not an installment sales contract. He is not, therefore, entitled to avail himself of Chapter 255B’s rights and remedies.[3]
Metropolitan’s Motion to Strike. Metropolitan’s motion to strike seeks to eliminate from the court’s consideration portions of Colleran’s affidavit in support of his argument concerning summaryjudgment. In deciding a motion for summaryjudgment, the court considers the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed. Mass.R.Civ.P. 56(c). Massachusetts courts have never been overly technical in their reading of what materials a judge should consider on a motion for summary judgment. Correllas v. Viveiros, 410 Mass. 314, 317 (1991). On the other hand, affidavits submitted in support of or in opposition to a motion for summary judgment must be based on personal knowledge and the affiant must be competent to testify to the matters contained in the affidavit. Sweda International, Inc. v. Donut Maker, Inc., 13 Mass.App.Ct. 914 (1982) (rescript). Based on these authorities, and after reviewing the motion to strike is denied. The court has taken the parties’ arguments into consideration and disregarded any part or parts of the affidavits containing incompetent evidence.
Colleran’s and Metropolitan’s Cross-Motions for Summary Judgment. Colleran’s third party complaint against Metropolitan alleges that Metropolitan failed to meet its obligations under the insurance policy to settle his claim for the theft of the leased vehicle. G.L.c. 176D, §3(9) defines unfair insurance settlement practices including failure to act reasonably promptly, failure to affirm or deny claims within a reasonable time and failure to settle claims when liability becomes clear. Resolution of a dispute such as this, concerning the alleged failure of an insurer to fairly and equitably settle an insurance claim, depends on a factual determination of the insurer’s knowledge and intent. Noyes v. Quincy Mut. Fire Ins. Co., 7 Mass.App.Ct. 723, 726 (1979). Because there appear to be material issues of fact which should be decided by the jury, neither Colleran nor Metropolitan is entitled to summaryjudgment as a matter of law.
ORDER
For the foregoing reasons, Jaguar Motor Credit Company’s Motion for Summary Judgment is ALLOWED; Metropolitan Property & Casually Insurance Company’s motion to strike is DENIED; the Motion of the Third Party Defendant, Metropolitan Property & Casualty Insurance Company, for Summary Judgment is DENIED; and the Third Party Plaintiff Neil F. Colleran’s Cross Motion for Summary Judgment against the Third Party Defendant Metropolitan Insurance Company is DENIED.

The motions are entitled: “Motion for Summary Judgment” (on behalf of plaintiff Jaguar Motor Credit Company); “Motion of the Third Party Defendant, Metropolitan Property & Casualty Insurance Company, for Summary Judgment”; and “Third Party Plaintiff Neil F. Colleran’s Cross Motion for Summary Judgment against the Third Party Defendant Metropolitan Insurance Company.”

The parties do not dispute that the plaintiff, Jaguar Credit Corporation, may properly pursue the remedies of Jaguar Leasing Corporation, the entity which contracted with Colleran. The parties refer to both entities interchangeably in their submissions. Both entities are referred to herein as Jaguar.

In addition, Colleran has not submitted any competent summaryjudgment evidence aside from bald allegations, that the vehicle was sold at a price unreasonably lower than its fair market value. Once the moving party establishes the absence of a triable issue, the burden shifts to the opposing party to respond and establish that such a material fact exists. Pederson v. Time Inc., 404 Mass. 14, 17 (1989). Colleran has not met that burden here.