Coven, J.
This is an appeal in a summary process action in which plaintiff Bank of New York was awarded possession of the premises. The defendant, John Apollos (“Apollos”), argues that Bank of New York, the alleged assignee of his mortgage to Mortgage Registration Systems, Inc. as Nominee for Countrywide Home Loans, Inc., did not acquire an interest in his mortgaged property because it failed to meet the statutory requirements of the foreclosure sale. Apollos asserts that Bank of New York was without legal title and, thereby, did not have the authority to evict him. Apollos has, in essence, asserted a defense of lack of title.
On August 25, 2005, Apollos granted a mortgage to Mortgage Registration Systems, Inc. on a condominium unit. The defendant defaulted. On June 25, 2007, Bank of New York gave Apollos notice of its intent to exercise the statutory power of sale by conducting a public auction on July 25, 2007. In the notice, Bank of New York provided a copy of the Notice of Mortgagee’s Sale of Real Estate it would (and did) publish. It is this notice that is the subject of this appeal.
Before addressing the merits, we note that Apollos has advanced a proper defense. A party may assert a defense in a summary process action by placing title in issue. Wayne Inn Corp. v. Abbott, 350 Mass. 775 (1966). In Wayne Inn Corp., the Supreme Judicial Court held:
The purpose of summary process is to enable the holder of the legal title to gain possession of premises wrongfully withheld. Right to possession must be shown and legal title may be put in issue. (Citation omitted) Legal title is established in summary process by proof that the title was acquired *56 strictly according to the power of sale provided in the mortgage; and that alone is subject to challenge.

Id.

The exercise of a power of sale contained in a mortgage is controlled by G.L.c. 244, §14, and compliance with the section is required for a proper foreclosure. Section 14 details what is deemed proper notice and proper publication of the foreclosure sale. The statute sets out a foreclosure notice form, although the statute, itself, states that “nothing [in the statute] shall be construed to prevent the use of other forms.” At issue in this case is that portion of the form which describes the holder of the mortgage. The publication by Bank of New York complied with all other parts of the form.
The relevant portion of the form[2] set out in the statute is as follows:
MORTGAGEE’S SALE OF REAL ESTATE.
By virtue and in execution of the Power of Sale contained in a certain mortgage given by.to .dated.and recorded with .Deeds, Book.page., of which mortgage the undersigned is the present holder,
(If by assignment, or in any fiduciary capacity, give reference.)
The notice used in this case took the following form:
By virtue and in execution of the Power of Sale contained in a certain mortgage given by John J. Apollos to Mortgage Electronic Registration Systems, Inc., dated August 25, 2005 and recorded with the Middlesex County (Southern District) Registry of Deeds, at Book 45983, Page 86, of *57 which mortgage Bank of New York as Trustee for the Certificateholders CWMBS, Inc. CHL Mortgage Pass-Through Trust 2005-24 Mortgage Pass-Through Certificates, Series 2005-24 is the present holder....
In juxtaposition, the form used to exercise the power of sale in this case lacked “reference” to the assignment. Nor was the assignment recorded with the registry of deeds. This deficiency, Apollos argues, voided the sale and, therefore, Bank of New York did not obtain title. Thus, it was without authority to proceed with its eviction. At oral argument, Apollos’s counsel did not dispute that Apollos was, at least by the time of a bankruptcy petition he filed, which predated the publication of the foreclosure notice, aware of the assignment to Bank of New York of the mortgage he had given to Mortgage Registration Systems, Inc.
The question, then, is whether the absence of the “reference” voids the sale. We turn to the statute. The form requires reference to the mortgage by name, date, book, and page; the place, date, and time of the foreclosure sale; a description of the property to be foreclosed upon; and the terms of the sale. All these notices are plainly essential, informing both the mortgagor and prospective bidder. The content of a proper notice serves to prevent the self-dealings of a mortgagee who, in the absence of publication or proper notice, “has opportunities for collusion and taking unfair advantage of the mortgagor.” Roche v. Farnsworth, 106 Mass. 509, 513 (1871).
Here, Apollos gained knowledge of the assignment through a bankruptcy action. His interests, or at least what he could do personally to protect his interest short of demanding new publication, were protected. He knew who was foreclosing and the date and time. Obviously, he also had knowledge of his property description. This case, then, is unlike the cases cited by Apollos. See Moore v. Dick, 187 Mass. 207, 210-211 (1905) (notification published in wrong newspaper); Bottomly v. Kabachnick, 13 Mass. App. Ct. 480, 483-484 (1982) (failure to identify mortgage holder).
To the prospective purchaser, the assignment is part of clear title. But Apollos does not assert that a lack of reference dissuades those bidding from attending or otherwise harms the sale by negatively influencing the potential bidder pool. There is no suggestion that the sale was conducted in a commercially unreasonable manner.
As G.L.c. 244, §14 does not mandate the use of the form contained therein, and the form used in this case contains the elements that protect the mortgagor and prospective bidder, we find no error. To be sure, §14 contains a form, and the use of the exact form, together with proper publication and notice, is “sufficient notice of the sale and the premises shall be deemed to have been sold, and the deed thereunder shall convey the premises.” It is wise to follow the language of the form. The Legislature would not have promulgated a specific form and included it with the statute if it did not protect the interests of all parties to a mortgage. It would also be prudent to record the assignment with the registry of deeds. Under the particular facts of this case, however, the omitted information was not such a material defect as to void the sale.
Judgment affirmed.
So ordered.

 The complete form as set forth in the statute reads as follows:
MORTGAGEE’S SALE OF REAL ESTATE.
By virtue and in execution of the Power of Sale contained in a certain mortgage given by.to.dated.and recorded with.Deeds, Book. page.of which mortgage the undersigned is the present holder,.
(If by assignment, or in any fiduciary capacity, give reference.)
.for breach of the conditions of said mortgage and for the purpose of foreclosing the same will be sold at Public Auction at.o’clock.M. on the.day of .... A.D. (insert year), . (place) . all and singular the premises described in said mortgage,
(In case of partial releases, state exceptions.)
To wit: “(Description as in the mortgage, including all references to title, restrictions, encumbrances, etc., as made in the mortgage.)”
Terms of sale: (State here the amount, if any, to be paid in cash by the purchaser at the time and place of the sale, and the time or times for payment of the balance or the whole as the case may be.)
Other terms to be announced at the sale.
(Signed).
Present holder of said mortgage.