Coven, J.
In the five-count complaint filed to commence this action, plaintiff John Duffy (“Duffy”) alleged that Daniel Grinder (“Grinder”) was involved in a motor vehicle accident on May 12, 2005, and sought and received chiropractic medical treatment by Duffy beginning February 21,2006. Grinder was insured by defendant Commerce Insurance Company (“Commerce”) under a standard Massachusetts automobile insurance policy that provided personal injury protection (“PIP”) benefits. When Commerce failed to pay $3,065.00 in PIP benefits to Duffy for the necessary and reasonable medical treatment he had provided to Grinder, Duffy filed this action in five counts.[2] The trial court allowed Commerce’s summary judgment motion on all counts. Abandoning any claim of error with respect to counts II-V of his complaint, Duffy filed this appeal on a charge of error in the trial court’s summary judgment for Commerce on Count I, which alleged that Commerce violated G.L.c. 93A, §11.
Duffy, who presented no opposition material below, argues that he did not need to present an affidavit or submit other evidence because Commerce, which had the initial burden, failed to carry its burden. Particularly, Duffy states that portions of Commerce's claims examiner’s affidavit should have been stricken because the portions were not made on the affiant’s personal knowledge and, without those portions, Commerce failed in its burden.
The moving party bears the initial burden of demonstrating the absence of a triable issue and that the summary judgment record entitles the moving party to judgment as a matter of law. SCA Servs., Inc. v. Transportation Ins. Co., 419 Mass. 528, 531 (1995). As in this case, when the moving party does not bear the burden of proof *197 at trial, the moving party must either (1) submit affirmative evidence negating an essential element of the nonmoving party’s claim; or (2) demonstrate that the non-moving party’s evidence is insufficient to establish an essential element of its claim. See Kourouvacilis v. General Motors Corp., 410 Mass. 706, 715-716 (1991). It is only when the moving party has met this initial burden that the burden shifts to the non-moving parly to defeat summary judgment by “set[ting] forth specific facts showing that there is a genuine issue for trial.” Id. at 716, quoting Mass. R. Civ. R, Rule 56(e). The nonmoving party “cannot rest on his or her pleadings and mere assertions of disputed facts.” LaLonde v. Eissner, 405 Mass. 207, 209 (1989).
In this case, Commerce submitted the affidavit of its claims examiner which stated that the information contained in the affidavit was based “upon [the] personal knowledge” of the affiant. Duffy now contends that his motion to strike certain portions of the affidavit should have been allowed, and that the proper deletion of those portions would have prevented Commerce from satisfying its Rule 56 burden.
The supporting affidavit submitted by Commerce asserted the following facts based on the affiant’s review of Commerce’s claim file, a business record. Grinder, Commerce’s insured, was involved in an automobile accident on May 12, 2005, and sought treatment with Duffy on February 21, 2006. Commerce received a medical bill on March 17, 2006, which was the first notice it received of Grinder’s injuries. Duffy submitted medical bills totaling $3,097.00 for the treatment provided to Grinder, and Commerce requested that Grinder, its insured, submit to an independent medical examination. Following the examination, on April 26, 2006, Commerce sent notice to Grinder of its denial of payment based on the examiner’s conclusion that Grinder’s injuries were not related to the May 12, 2005 accident. Notice of the denial of Duffy’s claim for PIP reimbursement was sent to him on three separate dates, namely, May 19, 2006, May 31, 2006, and June 14, 2006. Commerce deposed Grinder on July 14,2006. Two years later, on July 30, 2008, Commerce made a business decision, based in part on what it claimed was its interest in protecting Grinder, its insured, and tendered full payment to Duffy of $3,097.00 in unpaid medical expenses. The affiant concluded with the statement that no outstanding medical bills were owed to Duffy.
Duffy moved to strike the affidavit on the ground that it was not based on the affi-ant’s personal knowledge and was, thus, inadmissible hearsay. See Billings v. GTFM, LLC, 449 Mass. 281, 295 (2007), quoting Shapiro Equip. Corp. v. Morris & Son Constr. Corp., 369 Mass. 968 (1976). Duffy sought, specifically, to have stricken the aver-ments that Commerce sent its insured notice of the denial of payment based on the examiner’s conclusion that Grinder’s injuries were not related to the May 12, 2005 accident, that payment was made to Duffy based on Commerce’s business decision to protect its insured, and that no medical bills were due and outstanding.
Before addressing the sufficiency of the affidavit, it is essential to note what allegations remain. Count I asserts that Commerce violated G.L.c. 93A, §11 by breaching the obligations imposed upon insurers by G.L.c. 90, §34M to (1) commence payment of the medical bills within ten days of receipt, or to notify the claimant of its intent not to make payment, with a statement of reasons for denial of the claim; (2) to pay the medical bills within thirty days of receipt, and (3) to submit the medical bills for review. It is also asserted that Commerce violated G.L.c. 93A, §11 by failing to investigate the “sources” it was using in evaluating the reasonableness of the bills *198 and the necessity for treatment; and that Commerce’s failure to act in good faith under the terms of the automobile policy violated G.L.c. 93A, §11. Finally, within Count I, it is asserted, without invoking G.L.c. 176D, §3(9), that all acts complained of in Count II that are based on G.L.c. 176D, §3 (9) also constitute a violation of G.L.c. 93A, §11.
Duffy’s arguments on this appeal are more focused. He asserts that Commerce failed to show through its affidavit that Duffy would be unable to demonstrate the existence of a material fact as to whether Commerce failed to conduct a reasonable, timely, and diligent investigation of the claim based upon all available information, and forced Duffy to institute this litigation when liability was reasonably clear. Further, Duffy suggests, based on what he characterizes as Commerce’s failure to satisfy its initial Rule 56 burden, that the summary judgment materials did not show that he would be unable to prove that Commerce violated G.Lc. 93A, §11 by failing, as required by G.L.c. 90, §34M, to commence payment of the medical bills within ten days of receipt, or to have notified Duffy of its intent not to make payment, to have provided a statement of its reasons for denying Duffy’s §34M claim, and to pay the medical bills within thirty days of receipt.
Rule 56(e) of the Mass. R. Civ. P. requires that affidavits submitted in support of summary judgment “be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.” As utilized by Duffy in this case, a motion to strike is the proper device for raising an insufficiency in an affidavit. See Fowles v. Lingos, 30 Mass. App. Ct. 435, 439 (1991). “A useful rough test for evaluating the evidentiary sufficiency of any affidavit is simply: If the affiant were in court, testifying word-for-word in accordance with the contents of the affidavit, would the judge sustain an objection on any ground whatsoever? If the answer is “Yes’ or even ‘Probably,’ the affidavit is at risk.” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE, §56.6, at 281 (2d ed. 2007). Another way to examine the admissibility of an affidavit is to ask whether the testimonial competency of the affiant is established through the circumstances. T & S Wholesale, Inc. v. Kavlakian, 1998 Mass. App. Div. 99, 100, citing Stanton Indus., Inc. v. Columbus Mills, Inc., 4 Mass. App. Ct. 793, 794 (1976).
Utilizing these standards, we conclude that the motion judge properly considered the supporting affidavit submitted by Commerce. As noted, Duffy sought to have portions of the affidavit stricken as inadmissible hearsay based on the theory that the affiant did not make the statements on personal knowledge but, instead, only after reviewing the claims file. In support of that argument, Duffy points out that the affidavit does not state when the claim was assigned to the affiant. The answer to Duffy’s objection is that the affiant declared expressly in the affidavit that the statements made were made “upon personal knowledge.” That affidavit was admissible on its face. If there had been a weakness, it would have affected the weight, not the admissibility, of the affidavit.[3]
*199 The affidavit set out a defense to the surviving claims in Count I of Duffy’s complaint. The affiant informed the motion judge that Commerce’s initial claim denial was based on a medical evaluation that the injuries Duffy treated were not causally related to the alleged accident, and that both Grinder, the insured, and Duffy were notified of this specific reason for the denial. The motion judge was warranted in finding, in the absence of contrary evidence presented by Duffy, that Commerce demonstrated that there was no material issue of fact as to whether payment was initially and properly withheld because liability was not reasonably clear. Duffy did not advance any controverting evidence and, thus, failed to establish the existence of a triable issue as to whether Commerce had violated G.L.c. 93A, §11. A violation of that statute would require evidence of something more than a breach of contract, rising to the level of intentional bad faith, calculated and knowing deception, extortionate tactics, or other similarly egregious conduct. See Massachusetts Employers Ins. Exchange v. Propac-Mass., Inc., 420 Mass. 39, 42-43 (1995); Anthony’s Pier Four, Inc. v. HBC Assocs., 411 Mass. 451, 474-475 (1991); Lumbermens Mut. Cas. Co. v. Y.C.N. Transp. Co., 46 Mass. App. Ct. 209, 215 (1999).
We make one further comment. It may be argued that Duffy’s theories of recovery are merely a restatement of the count for an unfair claims settlement practice pursuant to G.L.c. 176D 3 (9) (b), (e), and (g). The unfair claims settlement practices under G.L.c. 176D, §3 alleged by Duffy included the failure “to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies,” G.L.c. 176D, §3(9) (b); the failure “to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed,” G.L.c. 176D, §3(9) (e), and “[cjompelling insureds to institute litigation” under G.L.c. 176D, §3(9) (g). Fascione v. CNA Ins. Cos., 435 Mass. 88, 95 (2001). Under a generic G.L.c. 93A, §11 claim, Duffy has brought what, in all respects, is a claim based on violations of G.L.c. 176D, §3(9). It is well established that violations of G.L.c. 176D, §3(9) do not support a G.L.c. 93A, §11 action, i.e., business-against-business claim. Jet Line Servs., Inc. v. American Employers Ins. Co., 404 Mass. 706, 717 n.11 (1989). Unlike G.L.c. 93A, §9, which incorporates violations of G.L.c. 176D, §3(9) as a basis of liability, §11 does not. Id.; Spencer Press, Inc. v. Utica Mut. Ins. Co., 42 Mass. App. Ct. 631, 636 (1997); DiVenuti v. Reardon, 37 Mass. App. Ct. 73, 79 (1994); Transamerica Ins. Group v. Turner Constr. Co., 33 Mass. App. Ct. 446, 452 (1992). Because the issue was not raised, we need not decide whether Duffy may, in general terms, recharacterize a specific basis of liability under G.L.c. 176D, §3(9), and maintain an action against an insurer under G.L.c. 93A, §11. See Morrison v. Toys “R” Us, Inc., 59 Mass. App. Ct. 613, 619 (2003), rev'd on other grounds, 441 Mass. 451 (2004) (noting that specific statute covering basis of unfair settlement practices displaces more general unfair trade and business practices as basis of liability).
Judgment affirmed.
So ordered.

 Count I alleged a violation of G.L.c. 93A, §11; Count II alleged a violation of G.L.c. 93A, §11 based on Commerce’s violation of G.L.c. 176D, §3(9) (b), (d), (e), (f), (g), and (h); Count III claimed that Commerce had violated the Massachusetts Antitrust Act, G.L.c. 93; Count IV sought a declaratory judgment that Duffy had a claim against Commerce pursuant to G.L.c. 90, §34M; and Count V sought recovery for Commerce’s violations of G.L.c. 90, §34M.

 Duffy has not argued that the affidavit was “presented in bad faith.” See Mass. R. Civ. P, Rule 56(g). He did not request a stay of the summary judgment proceedings in order to conduct discovery as to the manner in which the affiant gained the “personal knowledge” claimed.