Greco, PJ.
In this action, Citibank (South Dakota) N.A (“Citibank”) sought to recover
$10,772.00 from Kenneth Van Buskirk (“Van Buskirk”), which it alleged was “the unpaid balance due for money loaned to the defendant by the plaintiff on a Credit Card Account.” The complaint did not set forth an account number. After Van Buskirk was defaulted and the default was removed, after Van Buskirk’s motion to dismiss was denied, and after some discovery squabbles were resolved, Citibank moved for summary judgment for the complaint amount of $10,722.00 on a “Citibank Preferred Visa credit card, account number ... [ending in] 0648.” In allowing Citibank’s motion on October 14, 2009, the judge ruled as follows: “After hearing, *199 motion allowed upon defendants acknowledgment of his liability. Judgment shall enter for the Plaintiff. Damages still to be determined.” Eight days later, the motion judge made this further notation: “After hearing, judgment to enter in the amount of $9,600.00.” When interest of $1,439.21 and costs of $234.88 were added, the total judgment entered on October 22, 2009 was for $11,274.09. The record before us does not include any transcripts of either the October 14th or the October 22nd proceedings. Van Buskirk claims in his brief on this appeal that the $9,600.00 figure was based on Citibank’s agreement to that amount, and not as a result of any testimony presented.
In support of its motion for summary judgment, Citibank filed the affidavit of Shauna Houghton (“Houghton”). Houghton stated therein that her affidavit “was based on personal knowledge and review of business records” maintained “in the ordinary course of Citibank’s business” and “made at or near the time of each event recorded by someone with personal knowledge of the events, or from information transmitted by someone with personal knowledge of each event, and a business duty to set forth such information in the records.” Houghton further stated that “she was authorized to make this affidavit on behalf of Citibank and share [d] custodianship and [had] access to all of the documents in the possession of Citibank germane to this case.”
As to this specific case, Houghton’s affidavit states that on or about August 1, 1987, Van Buskirk opened a Visa credit card (ending in numbers 0658) “which is the credit card account at issue in this casé’ (emphasis supplied); that Citibank sent him “a document explaining the terms and conditions that apply to the use of the account’; that Van Buskirk used this account “to obtain loans ... [and] to acquire goods, services and/or cash advances”; that his last payment was made on October 25,2007; and that Van Buskirk failed to pay the balance past due of $10,772.00 upon Citibank’s demand. One hundred and seventy-two pages of Citibank records are appended to Houghton’s affidavit. An examination of those records reveals a different story. The records pertaining to the card ending in numbers 0658 reveal a closing balance of $77.89 as of July 17,2001; another card (ending in numbers 0458) had a zero balance as of May 16,2007; yet another card (ending in 8555) shows a balance of $8,238.81; and finally, a fourth card (ending in numbers 3775) shows a balance of $10,772.00 as of October 17, 2008, i.e., the exact amount alleged to be owed on the card that Houghton averred is “at issue” in this lawsuit.
Van Buskirk submitted an affidavit in opposition to Citibank’s motion for summary judgment in which he stated that he disputed a number of the charges listed on his account that totaled $917.00. He further stated: “Since August of 19871 do recall signing any Credit Card application that included terms which disclosed interest or other Credit Card fees” and “ [s] ince August of 19871 do not recall receiving any type of documentation that disclosed the terms, interest charges, fees charges or other terms of the credit cards at issue.” (The syntax of the first quoted statement raises the possibility that he really meant, “I do not recall....”). On the other hand, in his memorandum in opposition to summary judgment, Van Buskirk admitted that he owed $5,035.10. When the total of the amount Van Buskirk concedes he owes plus the amount of disputed charges is then added to the amount, according to Van Buskirk, Citibank is seeking for interest and fees, the total is $10,772.00, to wit, the exact balance alleged on the card ending in numbers 3775, but not the balance on *200 the card ending in numbers 0658.
In his memorandum in opposition to summary judgment and in a separate docketed motion, Van Buskirk moved to strike Houghton’s affidavit on the grounds that she “has not adequately identified herself so as to be recognized as either a keeper/custodian of records or in a position with Citibank to possess firsthand knowledge of the facts she seeks to establish,” that the affidavit is hearsay, and that “many of the records... are irrelevant.” As this Division stated in Duffy v. Commerce Ins. Co., 2009 Mass. App. Div. 196:
Rule 56(e) of the Mass. R. Civ. R requires that affidavits submitted in support of summary judgment “be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein.” [A] motion to strike is the proper device for raising an insufficiency in an affidavit. See Fowles v. Lingos, 30 Mass. App. Ct. 435, 439 (1991). “A useful rough test for evaluating the evidentiary sufficiency of any affidavit is simply: If the affiant were in court, testifying word-for-word in accordance with the contents of the affidavit, would the judge sustain an objection on any ground whatsoever? If the answer is “Yes’ or even ‘Probably/ the affidavit is at Risk.” J.W. SMITH & H.B. ZOBEL, RULES PRACTICE §56.6, at 281 (2d ed. 2007).
Id at 198. “The foundation for the admissibility of a business record does not need to be established through the testimony of the preparer or... the transmitter of the record.” McLaughlin v. CGL Ins. Co., 445 Mass. 815, 819 (2006). However, “itis clear that business enterprises rely on records they make to the extent those records reflect... information based on personal knowledge of its own employees who have a business interest to report accurately” (emphasis in original). Wingate v. Emery Air Freight Corp., 385 Mass. 402, 410 (1982) (Liacos, J., concurring). See also Beal Bank, SSB v. Eurich, 444 Mass. 813 (2005), in which the plaintiff-bank hired an outside company to service its loans. In ruling that computer printouts created by the company were admissible, the Supreme Judicial Court noted that the company had a “business duty accurately to maintain such records by the bank.” Id at 817-818.
In this case, Citibank relies on an affidavit from a person, Houghton, who is not identified as an employee of the bank, and whose relationship to the bank is somewhat vague. Yet she has access to its records and some authority to hold them. It is difficult even to infer how Houghton has knowledge of how the records were maintained, or when entries were made. Houghton’s affidavit could easily be interpreted to mean that she has made mere conclusions or assumptions simply by examining the records to determine the time the entries were made and the knowledge of the person recording them. Even if striking the affidavit were not required, the weight to be accorded it is questionable. If taken on its face, the affidavit would support summary judgment for Citibank in the amount of only $77.89. That result could be avoided only by Citibank’s reliance on Van Buskirk’s own admission that he owes $5,035.10. The trial judge, on the other hand, could have inferred that Houghton merely made a simple mistake as to the account number at issue, or that each account rolled over into the next in time with the ultimate balance reflected in the account ending in 3775. In any event, despite any defects in Citibank’s supporting affidavit, summary judgment was properly awarded as to liability in this case. *201 However, it does not appear that there was actually a trial on the issue of damages to resolve Van Buskirk’s claims concerning specific charges in dispute, notice to him of interest and fees, the amounts to be assessed for such interest and fees, and the precise account on which damages were being assessed (so as to avoid the danger of double recovery in the future). All of those issues are genuine questions of material fact that remain in dispute.
Accordingly, the judgment entered for Citibank is vacated. The allowance of Citibank’s motion for summary judgment is affirmed as to liability only, and the case is returned to the Somerville Division of the District Court Department for trial on the issue of damages.
So ordered.